UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

CORBIN WHYTE,

                    Plaintiff,

      -against-                            9:20-CV-284 (LEK/CFH)

TOMPKINS COUNTY SHERIFF, *et al.*,

                    Defendants.

---

## <u>DECISION AND ORDER</u>

## I.  INTRODUCTION

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Corbin Whyte pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1 ("Complaint"); 2 ("IFP Application"). Plaintiff alleges that the following defendants violated his constitutional rights while he was incarcerated in the Tompkins County Jail: Tompkins County Sheriff Peter Meskill; Tompkins County Assistant District Attorney Andrew McElwee; Correction Officer Griffen; Correction Officer Nate Tompkins; Correction Officer Daniel Bomysoad; Correction Officer Boda; Correction Sergeant Garden Hanes; Correction Sergeant Tom Walpoole; and Tompkins County (the "County"). Compl. at 2–4. Plaintiff is currently incarcerated at Cayuga Correctional Facility and has not paid the filing fee for this action.

## II.  IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." <u>Cash v. Bernstein</u>, No.

09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[1] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." Id. (citing 28 U.S.C. § 1915(b); Harris v. City of New York, 607 F.3d 18, 21 (2d Cir. 2010).

Based upon his IFP Application, Plaintiff has demonstrated sufficient economic need and may commence this action without prepayment of the filing fee. Plaintiff has also filed the inmate authorization form required in this District. Dkt. No. 3 ("Inmate Authorization Form"). Accordingly, the Court grants Plaintiff's IFP Application.

## III.     SUFFICIENCY OF THE COMPLAINT

### A.  Legal Standard

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, even if a plaintiff meets the financial criteria to commence an action IFP, it is the court's responsibility to determine whether the

---

[1] Section 1915(g) prohibits a prisoner from proceeding IFP where, absent a showing of "imminent danger of serious physical injury," the prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Based upon the Court's review of Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that Plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

plaintiff may properly maintain the complaint before permitting the plaintiff to proceed IFP. <u>See</u> <u>id.</u>

Likewise, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; <u>see also</u> <u>Carr v. Dvorin</u>, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (explaining that § 1915A applies to all actions brought by prisoners against government officials even when the plaintiff has paid the filing fee); <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both §§ 1915 and 1915A are available to evaluate prisoner pro se complaints).

At the §§ 1915 and 1915A review stage, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl.</u> <u>Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" <u>Id.</u> at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotation marks and alterations omitted).

Finally, the court has a duty to show liberality toward pro se litigants, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).

**B.  Summary of the Complaint**

In his Complaint, Plaintiff asserts claims arising out of his confinement at Tompkins County Jail. See generally Compl. Plaintiff alleges the following facts in his Complaint.

*1.  Criminal Charges Against Plaintiff*

On December 6, 2010, Plaintiff was arrested by Tompkins County Sheriff Peter Meskill and transported to the Tompkins County Sheriff's Department. Compl. at 5. On or about December 7, 2010, Plaintiff was charged and arraigned on one count of murder in the second degree. Id. Thereafter, Plaintiff was transferred to the Tompkins County Jail and placed in general population. Id.

Later that month, a Tompkins County Grand Jury returned an indictment against Plaintiff charging one count of second degree murder (principal actor), one count of second degree murder (accomplice), one count of first degree robbery, and one count of first degree tampering with physical evidence. Id. at 5–6. Thereafter, Plaintiff was appointed counsel and exercised his right to a jury trial. Id. at 6.

Between 2011 and 2013, Plaintiff had three jury trials, all of which were prosecuted by Assistant District Attorney Andrew McElwee. Id. at 6. The first and second trials ended in mistrials. Id. After the second mistrial, McElwee dropped one of the murder charges. Id.

At each trial, McElwee presented Zsatia Perkins as a witness. Id. Perkins testified that Plaintiff had told her to dispose of the boots he was wearing at the time of the crime. Id. McElwee also proffered evidence that Plaintiff disposed of the jacket he wore at the time of the crime. Id.

In the third trial, the jury found Plaintiff guilty of one count of tampering with physical evidence. Id. at 6–7. Plaintiff was acquitted of the first degree robbery charge, and a mistrial was declared as to the remaining murder charge and the lesser included charge of attempted robbery in the first degree. Id. Plaintiff was subsequently sentenced to two to four years of imprisonment for tampering with physical evidence. Id. at 7.

In November 2016, the guilty verdict was reversed by the New York Appellate Division, Third Department. Id. at 7–8. The Appellate Division remanded the matter for a new trial because the trial court had failed to charge the jury with an instruction that Zsatia Perkins was an accomplice as a matter of law and, therefore, Plaintiff could not be convicted on Perkins' testimony absent corroborative evidence. See id.; see also People v. Whyte, 144 A.D.3d 1393, 1395 (N.Y. App. Div. 2016). Following this ruling, McElwee moved to dismiss the tampering with physical evidence charge. Id. at 8. By the time the charge was dismissed, Plaintiff had served a total of approximately three years, three months, and nineteen days of the two-to-four year prison sentence. Id.

2.   *Plaintiff's Incarceration at Tompkins County Jail*

On or about September 11, 2014, while Plaintiff was confined at the Tompkins County Jail, Correction Officers Griffen,[3] Tompkins, Bomysoad, and Boda, and Correction Sergeants Hanes[4] and Walpoole—all named defendants—entered Plaintiff's cell and ordered him to kneel on his bed. Compl. at 8. Plaintiff complied with the instruction, after which he was assaulted by Griffen, Tompkins, Bomysoad, and Boda while Hanes and Walpoole looked on. Id. at 8–9. Plaintiff's arm was dislocated during the assault. Id. at 9–10.

### 3.  *Plaintiff's Claims*

Construed liberally, the Complaint asserts the following claims against the named defendants: (1) Fourth Amendment malicious prosecution claims against Meskill, McElwee, and the County; and (2) Eighth Amendment excessive force and failure-to-protect claims against Griffen, Thompson, Bomysoad, Boda, Hanes, Walpool, and the County.[5] Compl.

---

[3]  Plaintiff sometimes spells this defendant's name "Griffen," see, e.g., Compl. at 3, and other times "Griffin," see, e.g., id. at 8. For consistency's sake, the Court refers to this defendant as "Griffen," which is how he is listed on the docket. See Docket.

[4]  Similarly, Plaintiff sometimes spells this defendant's name "Hanes," see, e.g., Compl. at 4, and other times "Haines," see, e.g., id. at 9. For consistency's sake, the Court refers to this defendant as "Hanes," which is how he is listed on the docket. See Docket.

[5]  In the "First Cause of Action," Plaintiff alleges that Meskill, McElwee, and the County violated his right to due process under the First and Fourteenth Amendments by "maliciously prosecuting and unjustly convicting" him. Compl. at 10. However, the Court does not construe the Complaint to assert a due process (or any other) claim under the First Amendment. Insofar as Plaintiff intended to assert a Fourteenth Amendment due process claim based on alleged malicious prosecution, it is well settled that "malicious prosecution and due process claims coalesce." Hutchins v. Solomon, No. 16-CV-10029, 2018 WL 4757970, at *20 (S.D.N.Y. Sept. 29, 2018) (citing Albright v. Oliver, 510 U.S. 266, 274 (1994) (holding that malicious prosecution and due process claims coalesce); Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 115 (2d Cir. 1995) (same); Cooper v. City of New Rochelle, 925 F. Supp. 2d 588, 612–13 (S.D.N.Y. 2013) (same)). Furthermore, the Complaint is devoid of any allegations suggesting that either Meskill or McElwee fabricated or withheld evidence at any of Plaintiff's criminal trials. Thus, the Court also does not construe the Complaint to assert a Fourteenth Amendment fair trial claim. See Hutchins, 2018 WL 4757970, at *20 ("A fair trial claim is a civil claim for violations of a criminal defendant's Fourteenth Amendment due process rights. . . . A defendant's right to a fair trial is violated when exculpatory evidence is withheld, i.e., when a Brady violation occurs,

Plaintiff seeks monetary damages. Id. at 11. A complete statement of Plaintiff's claims can be found in the Complaint.

### C. Analysis

Plaintiff brings this action pursuant to § 1983. Compl. "42 U.S.C. § 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir.1999). Section 1983 does not create any substantive rights; it provides civil litigants a procedure to redress the deprivation of rights established elsewhere. Id. (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under the color of state law deprived him of a federal right." Id.

Municipal liability is limited under § 1983 by Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). Under Monell, municipalities cannot be held vicariously liable for civil rights violations perpetrated by their employees, see Monell, 436 U.S. at 691–92, and are responsible only for "their own illegal acts," Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986). To successfully state a claim for municipal liability, therefore, a plaintiff must plausibly allege that a constitutional violation occurred because of a specific municipal policy or custom. See Monell, 436 U.S. at 694–95; see also Hancock v. Cty. of Rensselaer, 337 F. Supp. 3d 175, 184–85 (N.D.N.Y. 2018) ("A municipality is liable for the conduct of its agent if that conduct 'constitute[d] the municipality's final decisions' sufficiently to demonstrate that [p]laintiffs were harmed because of County policy.'") (quoting Anthony v. City of N.Y., 339 F.3d 129, 139 (2d Cir. 2003)). Any of the following may demonstrate a municipal policy or custom:

---

and also when an officer forwards fabricated evidence to prosecutors.") (internal quotation marks and citations omitted).

> (1) a formal policy that has been officially endorsed by the municipality, <u>Monell</u>, 436 U.S. at 694; (2) an action taken by an official who is responsible for establishing municipal policies with respect to the subject matter in question, <u>Pembaur</u>[,] . . . 475 U.S. [at] 483–84 . . . ; (3) a widespread practice that is so "permanent and well settled as to constitute a 'custom or usage' with the force of law," <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112, 127 (1988); or (4) a failure to train, supervise, or discipline that "amounts to a deliberate indifference to the rights of persons with whom the police come into contact," <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989).

<u>Holmes v. Cty. of Montgomery</u>, No. 19-CV-617, 2020 WL 1188026, at *6 (N.D.N.Y. Mar. 12, 2020) (Kahn, J.). Finally, because "<u>Monell</u> does not provide a separate cause of action for the failure by the government to train its employees[,]" a district court need not address municipal liability under <u>Monell</u> if no underlying constitutional violation is found. <u>Segal v. City of N.Y.</u>, 459 F.3d 207, 219 (2d Cir. 2006).

### 1. *Malicious Prosecution Claims*

The elements of malicious prosecution under § 1983 are "substantially the same" as the elements under New York law, and "the analysis of the state and the federal claims is identical." <u>Boyd v. City of N.Y.</u>, 336 F.3d 72, 75 (2d Cir. 2003) (internal quotation marks omitted). "To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." <u>Manganiello v. City of N.Y.</u>, 612 F.3d 149, 161 (2d Cir. 2010) (internal quotation marks omitted). "Because a malicious prosecution claim brought under § 1983 is grounded in the Fourth Amendment, the plaintiff must also establish . . . a post-arraignment deprivation of liberty that rises to the level of a constitutional 'seizure.'" <u>Coleman v. City of N.Y.</u>, 688 F. App'x 56, 57–58 (2d Cir. 2017) (citing, inter alia, <u>Singer</u>, 63 F.3d at 116).

With respect to the second element, "[g]enerally, in order to establish that a prosecution terminated in favor of a plaintiff, the plaintiff must establish that the prosecution was terminated on its merits." Butler v. Hesch, 286 F. Supp. 3d 337, 357 (N.D.N.Y. 2018) (citing Breen v. Garrison, 169 F.3d 152, 153 (2d Cir. 1999) ("[A] decision on the merits [is] an essential element of a cause of action for malicious prosecution")). "[W]here an accused was not acquitted on the merits, a plaintiff may still establish favorable determination by establishing a 'final disposition . . . such as to indicate the accused's innocence' or a formal abandonment by the prosecutor of the criminal proceeding." Id. (quoting Fulton v. Robinson, 289 F.3d 188, 196 (2d Cir. 2002) ("Where a prosecution did not result in an acquittal, it is generally not deemed to have ended in favor of the accused, for purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence.")).

With respect to the third element, a grand jury indictment "creates a presumption of probable cause that can only be overcome by evidence that the indictment 'was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith.'" Bermudez v. City of N.Y., 790 F.3d 368, 377 (2d Cir. 2015) (quoting Green v. Montgomery, 219 F.3d 52, 60 (2d Cir. 2000)). "Therefore, to rebut a presumption of probable cause at the pleading stage, a plaintiff must plead facts that plausibly allege the existence of fraud, perjury, suppression of evidence, or bad faith on the part of the police defendants." Blount v. Moccia, No. 16-CV-4505, 2017 WL 5634680, at *9–10 (S.D.N.Y. Nov. 21, 2017) (citing Hicks v. City of N.Y., 232 F. Supp. 3d 480, 492 (S.D.N.Y. 2017)). "'[M]ere conjecture and surmise' are insufficient to rebut the presumption." Hicks, 232 F. Supp. 3d at 492 (quoting Savino v. City of N.Y., 331 F.3d 63, 73 (2d Cir. 2003)).

With respect to the fourth element, a plaintiff must show that the defendants "commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." Rounseville v. Zahl, 13 F.3d 625, 630 (2d Cir. 1994) (internal quotation marks and citation omitted).

Here, assuming, without deciding, that the allegations in the Complaint are sufficient to satisfy the first and second elements at the pleading stage, by Plaintiff's own allegations he was indicted by a grand jury on charges of second degree murder, first degree robbery, and tampering with physical evidence. Compl. at 5–6. In addition, the Complaint lacks any allegations suggesting that the indictment was procured through fraud, perjury, suppression of evidence, or other police or prosecutorial conduct undertaken in bad faith. Thus, the Complaint has failed to plausibly allege the third element of a malicious prosecution claim.

Furthermore, the Complaint also fails to include any facts suggesting that Plaintiff was prosecuted due to a wrong or improper motive on the part of Meskill, McElwee, or any other Tompkins County official. Thus, the Complaint also fails to plausibly allege the fourth element of a malicious prosecution claim.

Consequently, the Court dismisses Plaintiff's Fourth Amendment malicious prosecution claim without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted.

### 2. *Eighth Amendment Claims*

In a § 1983 action, the applicable statute of limitations is the state's "general or residual statute for personal injury actions." Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (quoting Owens v. Okure, 488 U.S. 235, 249–50 (1989)) (alterations omitted). In New York, a three-year statute of limitations applies for personal injury actions and thus to § 1983 actions. Id.; see also N.Y. C.P.L.R. § 214(5). Although the statute of limitations is an affirmative defense,

and must generally await a defense motion, dismissal may be appropriate when the facts

supporting the statute of limitations defense are set forth in the papers that the plaintiff submits.

Messeroux v. Maimonides Medical Ctr., No. 11-CV-5343, 2013 WL 2414690, at *1 (E.D.N.Y.

May 31, 2013) (citing Leonhard v. United States, 633 F.2d 599, 609 n.11 (2d Cir. 1980)); see

also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (noting that, for purposes of an initial review

under § 1915, a court may find that a complaint is based on an indisputably meritless legal theory

if an affirmative defense, such as the statute of limitations, "appears on the face of the

complaint").

      Federal law determines when a § 1983 action accrues and establishes that accrual occurs

"when the plaintiff knows or has reason to know of the harm." Connolly v. McCall, 254 F.3d 36,

41 (2d Cir. 2001) (citation omitted). Thus, in determining when a particular claim accrues, courts

must focus on when "the plaintiff knows or has reason to know the injury which is the basis of

his action." Covington v. New York, 171 F.3d 117, 121 (2d Cir. 1999) (quoting Singleton v. City

of N.Y., 632 F.2d 185, 191 (2d Cir. 1980)). Thus, excessive force claims typically accrue "when

the use of force occurred." Fairley v. Collins, No. 09-CV-6894, 2011 WL 1002422, at *3

(S.D.N.Y. Mar. 15, 2011); see also Perez v. Johnson, No. 07-CV-3761, 2008 WL 2876546, at *2

(S.D.N.Y. July 23, 2008) (holding that the plaintiff's claim for excessive force accrued "when

[plaintiff] was allegedly injured by the arresting officers").

      Here, Plaintiff seeks redress for the violation of his constitutional rights arising from an

alleged use-of-force incident that occurred on or about September 11, 2014. Compl. at 8–11.

Following the mailbox rule and applying the presumption that Plaintiff delivered the Complaint

to a prison official on the date it was signed, Plaintiff filed his Complaint in this action for statute

of limitations purposes on March 5, 2020. See Houston v. Lack, 487 U.S. 266, 271 (1988)

(ruling that a pro se inmate's papers are deemed to have been filed when they are placed in the hands of a prison official for mailing); Johnson v. Coombe, 156 F. Supp. 2d 273, 277 (S.D.N.Y. 2001) (explaining that, where it is unclear when a pro se complaint was given to prison officials, absent evidence to the contrary, the court assumes that the complaint was given to the officials on the date it was signed). Thus, in the absence of some basis for tolling or disregarding the limitations period, Plaintiff's Eighth Amendment claims, which accrued more than five years before Plaintiff commenced this action, are untimely. See Abbas, 480 F.3d at 640–41.

One potential way in which Plaintiff's claims might be rendered timely is if he alleged a "continuing violation" of his constitutional rights. However, the continuing violation doctrine does not apply to "discrete unlawful acts" such as a single use-of-force incident. Albritton v. Morris, No. 13-CV-3708, 2016 WL 1267799, at *10 (S.D.N.Y. Mar. 30, 2016) (citing Gonzalez v. Hasty, 802 F.3d 212, 220 (2d Cir. 2015)). Plaintiff has alleged no facts suggesting any continuing violation of his rights, but instead has alleged a single, discrete incident of alleged wrongdoing. Compl. Therefore, the continuing violation doctrine is inapplicable to Plaintiff's claims.

As for equitable tolling, this doctrine is available in "rare and exceptional" cases where "extraordinary circumstances prevented a party from timely performing a required act," and "the party acted with reasonable diligence throughout the period" to be tolled. See Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005). New York law recognizes equitable tolling where a plaintiff demonstrates that he was induced by fraud, misrepresentations, or deception to refrain from timely commencing an action and that he acted with due diligence throughout the period to be tolled. Abbas, 480 F.3d at 642; see also Gonzalez, 651 F.3d at 322 ("Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising

that level of diligence which could reasonably be expected in the circumstances."). "[E]quitable tolling is [also] applicable to the time period during which a prisoner-plaintiff is exhausting his administrative remedies pursuant to the PLRA." Gonzalez, 651 F.3d at 323. The plaintiff bears the burden of establishing equitable tolling. Abbas, 480 F.3d at 642.

Here, Plaintiff has not "articulate[d] any acts by defendants that prevented him from timely commencing suit." Abbas, 480 F.3d at 642. Thus, he has not plausibly alleged that the limitations period should be equitably tolled in this case. Id. Consequently, Plaintiff's Eighth Amendment claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as untimely filed.[6]

### D. Dismissal with Leave to Amend

Based on the foregoing, the Court finds that Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted. However, the pleading requirements in the Federal Rules of Civil Procedure do not require a litigant to anticipate potential affirmative defenses—such as the statute of limitations— and to plead facts in the Complaint in avoidance of such defenses. Abbas, 480 F.3d at 640; Jones v. Bock, 549 U.S. 199, 216 (2007) (holding that 28 U.S.C. § 1915A does not require prisoners affirmatively to plead that they have exhausted their administrative remedies). Instead, Rule 8 requires a plaintiff to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

---

[6] "A § 1983 claim for false arrest accrues at the time of the arrest, not after a subsequent adjudication demonstrates that defendant wrongfully arrested the plaintiff." Cornado v. City of N.Y., No. 11-CV-5188, 2014 WL 4746137, at *3 (S.D.N.Y. Sept. 24, 2014) (citing Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994)). Although the Court does not construe the Complaint to assert a false arrest claim against any of the named defendants, insofar as Plaintiff intended to assert such a claim, it is also time-barred.

Therefore, and in light of Plaintiff's pro se status, the Court grants Plaintiff the opportunity to file an amended complaint. See Gomez v. USAA Fed. Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999). If Plaintiff chooses to submit an amended complaint in response to this Decision and Order, he must set forth a short and plain statement of the facts establishing that: (1) the named defendants violated his constitutional rights; and (2) his claims against the named defendants were timely filed. If Plaintiff filed an amended complaint, that amended complaint will completely replace the original Complaint in this action, and no portion of the Complaint will be incorporated into his amended complaint by reference.

If Plaintiff fails to submit an amended complaint within thirty days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted.

IV.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**.[7] The Clerk shall provide the superintendent of the prison facility in which Plaintiff is currently confined with a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 3) and notify that official that Plaintiff has filed this action and must pay to the Northern District of New York the entire statutory filing fee of $350 in installments, over time, pursuant to 28 U.S.C. § 1915; and it is further

---

[7] While § 1915 permits indigent litigants to commence a civil action in federal court without prepayment of the filing fee, those litigants "must subsequently pay the fee, to the extent [they are] able to do so, through periodic withdrawals from [their] inmate accounts." Cash v. Bernstein, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010) (citing 28 U.S.C. § 1915(b); Harris v. City of New York, 607 F.3d 18, 21 (2d Cir. 2010)), report and recommendation adopted by 2010 WL 5222126 (S.D.N.Y. Dec. 21, 2010).

**ORDERED**, that the Clerk shall provide a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that Plaintiff's § 1983 claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file an amended complaint as directed above within **thirty days** of the filing date of this Decision and Order; and it is further

**ORDERED**, that if Plaintiff timely files an amended complaint, the Clerk shall return to the Court for further review; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall, without further order of this Court, enter judgment indicating that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of**

**any change in his address; failure to do so may result in the dismissal of this action**; and it is

further

      **ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff in

accordance with the Local Rules.

      **IT IS SO ORDERED.**


DATED:     August 14, 2020
             Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge